UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Maan Bazzi,

    Plaintiff,

v.                                    Case No. 16-10123

Loretta E. Lynch, *et al.*,          Sean F. Cox
                                          United States District Court Judge

    Defendants.
_____/

## OPINION & ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS

In this action, an individual who is apparently on the Selectee List maintained by the Terrorist Screening Center, which subjects him to additional screenings at U.S. airports, filed a complaint asserting claims against Defendants. This matter is before the Court on Defendants' Motion to Dismiss. The motion has been fully briefed by the parties and the Court heard oral argument on August 18, 2016. As explained below, the Court shall grant the motion because: 1) Plaintiff's challenge to the adequacy of the DHS TRIP redress process must be dismissed for lack of jurisdiction; 2) to the extent that Plaintiff has alleged a due process challenge to his placement on the Selectee List, or would seek leave to include such a claim, Plaintiff does not state such a claim because he cannot show that his placement violates a protected interest; and 3) Plaintiff's APA claim, which is co-extensive with a due process claim, fails for the same reason.

## BACKGROUND

**A.**     **Procedural Background**

1

Acting through counsel, on January 1, 2016, Plaintiff Maan Bazzi ("Bazzi") filed this action against: 1) Loretta Lynch ("Lynch"), in her official capacity as Attorney General of the United States of America; 2) James B. Comey ("Comey"), in his official capacity as Director the Federal Bureau of Investigation; 3) Christopher M. Piehota ("Piehota'), in his official capacity as Director of the Terrorist Screening Center; and 4) Peter Neffenger ("Neffenger"), his official capacity as Administrator of the Transportation Security Administration.

Bazzi's "Complaint For Injunctive And Declaratory Relief With Demand For Jury" (Docket Entry No. 1) contains two claims: 1) "First Claim For Relief: Failure To Provide Post-Deprivation Notice And Hearing, Violation of the Fifth Amendment Due Process Clause of the United States Constitution;" 2) "Second Claim For Relief: Unlawful Agency Action, U.S.C. § 706."

On June 30, 2016, Defendants filed a Motion to Dismiss (D.E. No. 5), pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).

On July 14, 2016, the Honorable Judith Levy issued a decision in another case filed by Plaintiff's Counsel.  *See Beydoun v. Lynch*, 2016 WL 3753561 (E.D. Mich. July 14, 2016, J. Levy).  Although that case was filed by a different individual, the complaint in that case, and the briefs regarding the motion to dismiss filed in that case, were nearly the identical to those filed in this action.

**B.      Relevant Background Facts**

    **1.      Summary Of Selectee List and Redress Procedures At Issue**

The facts regarding the Selectee List and redress procedures are not in dispute.  Judge Levy's opinion in *Beydoun* provided the following overview:

> Both the No-Fly List and the Selectee List are subsets of the Terrorist Screening

> Database, which is maintained by the Terrorist Screening Center ("TSC"), an agency overseen by the FBI. (Dkt. 15 at 15, 17-19.) "The [Terrorist Screening Database] is a consolidated database containing identifying information of persons about whom there is a reasonable suspicion that they are known or suspected terrorists." (*Id.* at 18; see Dkt. 1 at 2, 7.) Individuals on the No-Fly List are not permitted to fly, while those on the Selectee List are subject to "enhanced screening," after which they may board a commercial flight and travel by air. (Dkt. 15 at 19-20.)
>
> The Transportation Security Administration is responsible for implementing the No-Fly and Selectee Lists and must "perform[ ]...the passenger prescreening function of comparing passenger information to the automatic [S]electee and [N]o[-F]ly [L]ists and utilize all appropriate records in the consolidated and integrated terrorist watch list maintained by the [TSC] in performing that function." (*Id.* at 19 (quoting 49 U.S.C. § 44903(j)(2)(C)(ii)).)
>
> Individuals who wish to challenge their suspected inclusion on the Selectee or No-Fly List may seek redress through the Department of Homeland Security's Redress Inquiry Program ("DHS TRIP"). (Dkt. 15 at 15 (citing 49 C.F.R. §§ 1560.201–.207); *see* Dkt. 23 at 18.) After a redress inquiry form is submitted, the "TSA, in coordination with the TSC and other appropriate Federal law enforcement or intelligence agencies, if necessary, will review all the documentation and information requested from the individual, correct any erroneous information, and provide the individual with a timely written response." (Dkt. 15 at 21 (quoting 49 C.F.R. § 1560.205(d)).) These written responses vary in content, "but generally state whether corrections have been made as a result of the redress inquiry and DHS TRIP's review." (*Id.* at 21-22 (citing Dkt. 6-3).)

*Beydoun v. Lynch*, *supra*.

### 2. Plaintiff's Factual Allegations

Plaintiff is a 46-year old United States citizen who resides in Dearborn, Michigan. Plaintiff "frequently needs to travel throughout the United States for work and business." (Compl. at ¶ 8).

Plaintiff alleges that during his travels, he has been selected for secondary and additional screening at different domestic airports in the U.S. and subjected to "unwarranted and excessive delays at airports." (*Id*. at ¶ 3). The alleged restrictions placed on Plaintiff's travel include

3

"excess delays, secondary screening, being singled out at check points, and being singled out for additional screening at the gate," all of which are alleged to have "impeded Plaintiff's business matters," and "humiliated Plaintiff."  (*Id*. at ¶ 41).

The alleged screenings are "apparently due" to the TSA's "representation that [Plaintiff] is on the Selectee List."  (*Id*. at ¶ 4).  That is, Plaintiff does not allege that he is on the No Fly List, but believes that he is on the Selectee List.

Plaintiff's Complaint includes two counts:  1) "First Claim For Relief: Failure To Provide Post-Deprivation Notice And Hearing, Violation of the Fifth Amendment Due Process Clause of the United States Constitution;" 2) "Second Claim For Relief: Unlawful Agency Action, U.S.C. § 706."

Plaintiff first claims that his inclusion on the Selectee List violates the Due Process Clause of the Fifth Amendment of the United States Constitution.  (Compl. at 11-13).  Plaintiff alleges that he has been deprived of his due process interests "in traveling free from unreasonable burdens within, to, or from the United States of America," "to be free from the false allegation that he is a terrorist or that he is associated with terrorist activities," and in "not being singled out for punishment," all without adequate post-deprivation process. (*Id*.).  Plaintiff alleges that the "DHS TRIP process presently provides no meaningful opportunity for Plaintiff to provide exculpatory evidence in an effort to be taken off the No-Fly or Terrorist Watch Lists prior to being put on such lists and suffering from the effects that follow from inclusion." (Compl. at ¶ 57).

Plaintiff next claims that defendants' actions violate Sections 706(2)(A) and (2)(B) of the Administrative Procedure Act ("APA"). (Compl. at 13-15).  Plaintiff alleges that because

defendants failed to provide him, "at a minimum, notice and opportunity to contest his placement on the [S]electee [L]ist after being targeted and harassed at the airport," defendants' actions were "arbitrary, capricious, an abuse of discretion, otherwise not in accordance with the law, and contrary to constitutional rights, power, privilege, or immunity, and should set aside as unlawful." (*Id.*)

## STANDARD OF DECISION

Defendants bring the instant Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Subject matter jurisdiction is always a threshold determination. *American Telecom Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). A motion to dismiss brought under Fed. R. Civ. P. 12(b)(1) may involve a facial attack or a factual attack. *Id.; see also Global Tech., Inc. v. Yubei (XixXiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806,810 (6th Cir. 2015). Here, Defendants' motion makes a facial attack and, therefore, this Court takes the allegations in the complaint as true. *Id.* Plaintiff, as the party invoking federal jurisdiction, has the burden to prove it. *Id.*

When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl.*

5

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ANALYSIS

**I.  Plaintiff's Challenge To The Adequacy Of The DHS TRIP Redress Process Must Be Dismissed For Lack Of Jurisdiction.**

In Count One of Plaintiff's Complaint, titled "Failure To Provide Post-Deprivation Notice And Hearing" in violation of the Fifth Amendment Due Process Clause of the United States Constitution, Plaintiff alleges that the "DHS TRIP process presently provides no meaningful opportunity for Plaintiff to provide exculpatory evidence in an effort to be taken off the No-Fly or Terrorist Watch Lists prior to being put on such lists and suffering from the effects that follow from inclusion."  (Compl., D.E. No. 1, at 13).

Similarly, in Count Two, his APA claim, Plaintiff alleges that the "DHA TRIP process does not provide a meaningful mechanism for travelers who have been denied boarding or subjected to unwarranted additional screenings to correct erroneous information in the government's terrorism databases as the travelers are not given adequate redress procedures" and "fails to consider an important aspect of Congress's instructions and violates § 706(2)(A) of the APA."  (D.E. No. 1 at 14).

In their Motion to Dismiss, Defendants contend that to the extent Plaintiff's Complaint challenges the adequacy of the DHS TRIP Redress Process, this Court lacks jurisdiction over that claim because 49 U.S.C. § 46110 deprives this Court of subject matter jurisdiction to consider that challenge to the redress procedures because such a claim contests a TSA order that can only be reviewed in the United States Court of Appeals.  In addition to the statute, Defendants discuss *Mokdad*, a recent Sixth Circuit decision.  *Mokdad v. Lynch*,. 804 F.3d 807

(6th Cir. 2015).[1]

In response to Defendants' Motion to Dismiss, as the plaintiff did in *Beydoun*, *supra*, Plaintiff asserts that he is *not* challenging the adequacy of the DHS TRIP redress process. (*See* Pl.'s Br. at 5-8, stating "Defendant have erroneously characterized Plaintiff's complaint as a challenge to the DHS Travel Redress Program" while Plaintiff is actually challenging "his apparent placement on the Selectee List itself," and asserting that "this Court retains jurisdiction over Plaintiff's claim regarding placement of his name on the Selectee List."). Thus, Plaintiff is making arguments that are contrary to what Plaintiff has actually alleged in his complaint, as Judge Levy noted in *Beydoun, supra*, at * 3:

> As alleged, plaintiff brings due process and APA challenges to the DHS TRIP redress procedures, not his placement on the Selectee List. According to the Sixth Circuit in *Mokdad v. Lynch*, a challenge to the DHS TRIP redress process is a challenge to a TSA order. *Mokdad v. Lynch*, 804 F.3d 807, 811 (6th Cir. 2015) ("To the extent that [plaintiff] challenges the adequacy of the redress process, his claims amount to a challenge to a TSA order. Congress has specifically directed DHS and TSA—not TSC—to establish a redress process for travelers who believe they have been wrongly included on the No[-]Fly List.") (quoting 49 U.S.C. §§ 44926(a), 44903(j)(2)(C)(iii)(I), (G)(i)). Plaintiff failed to name the TSA as a defendant, a necessary party to challenge a TSA order, so his claims must be dismissed. *See id.* at 812 ("TSA is, therefore, a required party to [plaintiff]'s litigation about the adequacy of the redress procedures.... We dismiss without prejudice [plaintiff]'s claims challenging the adequacy of the redress process.").
>
> Plaintiff argues that he is "not challenging the TRIP determination letter or the letter issued by the TSA, but instead, the determination of the DHS via the TRIP letter [and]...his apparent placement on the Selectee List itself." (Dkt. 23 at 17.) Essentially, plaintiff argues that he is directly challenging his placement on the Selectee List, which would only implicate the TSC, not the TSA. *See Mokdad*, 804 F.3d at 811 (noting that the "TSC determines '...whether the status should be changed[,] for example, No Fly to Selectee [ ]' "). Defendants reply that plaintiff "restyles his claims altogether, now alleging that the lawsuit only intends to challenge 'his apparent placement on the Selectee List itself.'"(Dkt. 25 at 8.)

---

[1]Plaintiff's counsel in this case was also the plaintiff's counsel in *Mokdad*.

> On the face of the complaint, plaintiff does not directly challenge his placement on the Selectee List. Plaintiff alleges in his due process claim that he "is entitled to a legal system that affords him post-deprivation notice and an opportunity to contest the deprivations of his rights," and "[t]he DHS TRIP process presently presents no meaningful opportunity for Plaintiff to provide exculpatory evidence in an effort to be taken off the [Selectee] or Terrorist Watch Lists." Plaintiff's due process claim explicitly concerns the alleged lack of notice and hearing, and is thus a challenge to the DHS TRIP redress procedures.

*Beydoun v. Lynch,* 2016 WL 3753561 at * 3.

Regardless of whether Plaintiff's Complaint was intended to challenge the adequacy of the DHS TRIP Redress Process, by its allegations it does so. This Court lacks jurisdiction over that challenge. This is because, to the extent Plaintiff "challenges the adequacy of the redress process, his claims amount to a challenge to a TSA order." *Mokdad*, 804 F.3d at 811. The TSA is therefore a required party to litigation about the adequacy of the redress process (*Mokdad, supra*, at 811).

More importantly for our purposes, although the Sixth Circuit ultimately avoided[2] the question in *Mokdad*, it stated that the express terms of Section 46110 make "clear that the federal courts of appeals have exclusive jurisdiction to review the orders of certain federal agencies, including the Transportation Security Administration (TSA):

> [A] person disclosing a substantial interest in an order issued by the Secretary of

---

[2]TSA "is a required party to Mokdad's litigation about the adequacy of the redress procedures. But Mokdad failed to join TSA as a defendant. Failure to join a required party is an issue that may be raised for the first time on appeal and that the court may raise *sua sponte*. *Boles v. Greeneville Hous. Auth*., 468 F.2d 476, 479 n. 4 (6th Cir. 1972) (citing *Provident Tradesmens Bank and Trust Co. v. Patterson*, 390 U.S. 102, 111, 88 S.Ct. 733, 19 L.Ed.2d 936 (1969)). We dismiss without prejudice Mokdad's claims challenging the adequacy of the redress process. *See id.* We decline to opine at this time whether § 46110 would deprive the district court of subject-matter jurisdiction over Mokdad's claims challenging the adequacy of the redress process, including any broad constitutional claims, if he were to file a new suit naming TSA as a defendant. *Cf. Burdue v. FAA*, 774 F.3d 1076 (6th Cir. 2014)." *Mokdad, supra*, at 812.

8

> Transportation (or the Under Secretary of Transportation for Security with respect to security duties and powers designated to be carried out by the Under Secretary or the Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator) in whole or in part under this part, part B, or subsection (l ) or (s) of section 114 may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.
>
> 49 U.S.C. § 46110(a).

*Mokdad*, 804 F.3d at 809.

This Court concludes that it lacks subject matter jurisdiction over any challenges in Plaintiff's Complaint to the adequacy of the DHS TRIP redress process, under the express terms of 49 U.S.C. § 46110(a).

**II.    To The Extent That Plaintiff Has Alleged A Due Process Challenge To His Placement On The Selectee List, Or Would Seek Leave To Include Such A Claim, Plaintiff Does Not State Such A Claim Because He Fails To Show That His Placement Violates A Protected Interest.**

In their Motion to Dismiss, Defendants do not ask this Court to dismiss any due process challenge to Plaintiff's placement on the Selectee List for lack of subject matter jurisdiction based on the exclusive-review statute, 49 U.S.C. § 46110.  That is because in *Mokdad,* the Sixth Circuit ruled, as a matter of first impression that a district court had subject matter jurisdiction to hear a plaintiff's challenge to his alleged placement on the No Fly List.  *Mokdad,* 804 F.3d at 812-15.

Rather, Defendants' Motion contends that Plaintiff fails to state a due process challenge to his alleged placement on the Selectee List because he fails to identify cognizable liberty interest, in that: 1) delay and inconvenience in travel does not amount to a deprivation of right protected by the due process clause; and 2) Plaintiff has not pled the deprivation of a

9

constitutionally protected interest in his reputation. That very same argument was made in *Beydoun*.

Again, in this case, Plaintiff filed a complaint that is virtually identical to the complaint filed in *Beydoun*. In her opinion in that case, Judge Levy concluded that, "[o]n the face of the complaint," the plaintiff had "not directly challenged his placement on the Selectee List." *Beydoun v. Lynch, supra,* at * 3. Rather, the complaint challenged the DHS TRIP redress process.

This Court also finds that Plaintiff's Complaint did not directly challenges his placement on the Selectee List in the Complaint. That is because although Plaintiff's requested relief includes an injunction requiring Defendants to remove Plaintiff from the Selectee List, the two actual counts included in the Complaint are based only on challenges to the DHS TRIP redress process.

The plaintiff in *Beydoun* sought leave to amend his complaint to directly challenge his placement on the Selectee List but Judge Levy denied that request as futile because "Plaintiff's requested amendment would fail to establish that his placement on the list violates a life, liberty, or property interest protected by the Due Process Clause, and thus would not state a claim." *Beydoun, supra*, at * 4.

Here, Defendants make the very same argument that they made in *Beydoun*, and that was found meritorious by Judge Levy – that to the extent Plaintiff's Complaint challenges his placement on the Selectee List as a due process violation, that claim would fail because Plaintiff cannot establish that Defendants infringed upon a cognizable liberty interest. This Court finds Judge Levy's analysis as to futility very persuasive and adopts it here.

Judge Levy began by noting the well-established principle that to establish a due process violation, a plaintiff must show: 1) that he had a protected life, liberty, or property interest; 2) that the federal government deprived him of that protected interest; and 3) and that the government did not afford him adequate procedural rights before depriving him of his protected interest. The opinion then analyzed the claimed protected interests and concluded that Plaintiff cannot establish a protected interest based on the facts alleged in the complaint, which again, are the same as alleged here.

This Court agrees with Judge Levy's analysis and conclusion that delay and inconvenience in travel does not amount to a deprivation of right protected by the due process clause:

> Plaintiff argues that he was deprived of his right to "travel[ ] free from unreasonable burdens within, to, or from the United States of America," his "right to his reputation and to be free from the false allegation that he is a terrorist or...associated with terrorist activities," and his "liberty interest in not being singled out for punishment without trial or without due process of law." (Dkt. 1 at 11-12; see Dkt. 23 at 20-33.)
>
> First, under existing case law, plaintiff fails to sufficiently allege that he was deprived of his right to travel. Government action implicates the right to travel under the Due Process Clause when it "actually deters travel, when impeding travel is its primary objective, or when it uses a classification that serves to penalize the exercise of the right." *Attorney Gen. of N.Y. v. Soto-Lopez*, 476 U.S. 898, 903 (1986) (internal quotations and citations omitted). "[T]ravelers do not have a constitutional right to the most convenient form of travel[, and] minor restrictions on travel simply do not amount to the denial of a fundamental right." *Town of Southold v. Town of East Hampton*, 477 F.3d 38, 54 (2d Cir. 2007); *see Gilmore v. Gonzales*, 435 F.3d 1125, 1136 (9th Cir. 2006) ("[T]he Constitution does not guarantee the right to travel by any particular form of transportation."); *Cramer v. Skinner*, 931 F.2d 1020, 1031 (5th Cir. 1991) ("Minor restrictions on travel simply do not amount to the denial of a fundamental right that can be upheld only if the Government has a compelling justification.").
>
> Thus a law that has an "incidental or negligible" burden on the right to travel does not rise to the level of a due process violation, because such a burden could "hardly be said to deter or penalize travel." *See, e.g., LULAC v. Bredesen*, 500 F.3d 523, 535 (6th Cir. 2007) ("The state's denial of state-issued photograph

> identification to temporary resident aliens may arguably result in inconvenience, requiring the bearer of a certificate for driving to carry other personal identification papers, but this inconvenience can hardly be said to deter or penalize travel. To the extent this inconvenience burdens exercise of the right to travel at all, the burden is incidental and negligible, insufficient to implicate denial of the right to travel.").
>
> Plaintiff argues that "the burdens imposed by the restrictions placed on Plaintiff by virtue of being placed on the Selectee List are far greater than any of the burdens imposed by the restrictions placed on the plaintiffs" in those cases. (Dkt. 23 at 14 (citing *Latif v. Holder*, 28 F. Supp. 3d 1134 (D. Or. 2014)).)
> Plaintiff cites *Latif v. Holder*, in which the district court "conclude[d]...that [p]laintiffs have constitutiona internationally by air, which are significantly affected by being placed on the No[-]Fly List," because placement on the No-Fly List resulted in the plaintiffs being "denied boarding on flights over United States airspace." *See Latif*, 28 F. Supp. 3d at 1143, 1149.
>
> But here, plaintiff does not allege that he has been denied boarding because of his purported inclusion on the Selectee List. Nor does he allege that enhanced screening has deterred him from flying. Rather, plaintiff alleges that he has suffered "excess delays, secondary screening, being singled out at check points, and being singled out for additional screening at the gate." According to plaintiff, he has still "been permitted to [board flights]." (Dkt. 1 at 3.) At the hearing, plaintiff's counsel argued that these incidents of additional screening and questioning unfairly harassed and humiliated his client, because he should never have been on the Selectee List. The Court fully acknowledges this harm. However, plaintiff's allegations do not rise to the level of a due process violation, because he alleges that he can still fly after additional screening and has not been deterred from flying.

*Beydoun, supra*, at * 4-5.

Like the plaintiff in *Beydoun*, Bazzi fails to sufficiently allege that his placement on the

Selectee List has caused him reputational harm that would rise to the level of a constitutional

violation. As Judge Levy explained:

> Second, plaintiff fails to sufficiently allege that his placement on the Selectee List has caused him reputational harm that rises to the level of a constitutional violation. For a reputational harm to infringe on a protected liberty interest, plaintiff must meet the "stigma-plus" test, that is, plaintiff must demonstrate that the government's action "damaged his... reputation (the stigma) and that it 'deprived [him] of a right previously held under [the] law' (the plus)." *See Doe v. Michigan Dept. of State Police*, 490 F.3d 491, 502 (6th Cir. 2007) (quoting *Paul v. Davis*, 424 U.S. 693, 708 (1976)).

> Assuming that plaintiff sufficiently alleges the stigma element, he fails to sufficiently allege that he was deprived of a right previously held under the law. To satisfy this part of the test, plaintiff must allege that he "legally could not do something that [ ]he could otherwise do." *See Miller v. California*, 355 F.3d 1172, 1179 (9th Cir. 2004); *Latif*, 28 F. Supp. 3d at 1150 (inclusion on the No-Fly List sufficient under the plus prong because plaintiffs could no longer fly). Here, plaintiff says that he can still fly, albeit after enhanced screening. He thus fails to allege that he was deprived of a right he previously held.
>
> Third, plaintiff fails to sufficiently allege that his purported placement on the Selectee List singles him out for punishment without trial or due process in violation of the Due Process Clause. Courts first look to legislative intent to determine whether a "restriction on liberty constitutes impermissible punishment or permissible regulation." *United States v. Salerno*, 481 U.S. 739, 747 (1987). "Unless Congress expressly intended to impose punitive restrictions, the punitive/regulatory distinction turns on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].' " *Id.* (quoting *Schall v. Martin*, 467 U.S. 253, 269 (1984)) (alterations in original).
>
> Plaintiff alleges that "Defendants' actions have singled out Plaintiff for punishment... by placing unwarranted and unjust additional screening and scrutiny on Plaintiff when attempting to fly." (Dkt. 1 at 12.) But Congress charged the TSA with managing the day-to-day security functions of air transportation for the purpose of preventing terrorist attacks, and granted the TSA authority to "issue ...such regulations as are necessary to carry out [its] functions." 49 U.S.C. § 114(l)(1). "There is no doubt that preventing danger to the community is a legitimate regulatory goal." *Salerno*, 481 U.S. at 747. And regulations that provide for additional security screening at airports under certain circumstances are rationally related to the goal of preventing danger to the community. In this case, plaintiff does not sufficiently allege that the additional screening would be "excessive in relation to" that general goal.

*Id*. at * 5-6.

Accordingly, leave to amend the complaint to directly challenge Bazzi's placement on the Selectee List would be futile because he failed to plead the deprivation of a constitutionally protected life, liberty, or property interest.

### III. Plaintiff's APA Claim Will Be Dismissed For Failure To State A Claim.

The district court in *Beydoun* also concluded that the plaintiff's "APA claim would

13

similarly fails, because Plaintiff's counsel stated at the hearing that the APA claim is based solely on the alleged constitutional violation" and, therefore leave to amend that claim would also be futile. *Beydoun, supra*, at * 6.

The same is true here, as Plaintiff's Counsel confirmed in Plaintiff's Response Brief that Plaintiff's APA claim is co-extensive with his procedural due process claim. (*See* Pl.'s Resp. Br. at 30, arguing that because Defendant "denied Plaintiff due process, Plaintiff is entitled to APA relief.").

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' Motion to Dismiss is GRANTED and this action is DISMISSED.

IT IS SO ORDERED.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: August 30, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2016, by electronic and/or ordinary mail.

        S/Jennifer McCoy
        Case Manager